Lawrence R. Ream, WSBA #18159
Richard G. Birinyi, WSBA 9212
Bullivant Houser Bailey PC
2400 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101-1618
Telephone:	(206) 292-8930
Facsimile:	(206) 386-5130

Attorneys for Debtor

Hon. Phillip H. Brandt
Chapter: 11
Location: Seattle
Hearing Date: April 14, 2005
Hearing Time: 9:30 a.m.

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

In re:

ONENAME CORPORATION,

Debtor.

No.: 03-22581

ORDER CONFIRMING DEBTOR'S PROPOSED PLAN OF REORGANIZATION DATED APRIL 14, 2005

A hearing under 11 U.S.C. § 1128(a) and Bankruptcy Rule 3020(b)(2) was commenced to consider the confirmation of the Plan of Reorganization filed by the Debtor (the "Plan"), after due and proper notice, on April 14, 2005 at 9:30 a.m., before The Honorable Phillip H. Brandt, U.S. Bankruptcy Judge presiding (the "Confirmation Hearing"). Appearances were entered as indicated in the record. Capitalized terms not defined herein have the meanings ascribed to them in the Plan or in the Findings of Fact and Conclusions of Law entered concurrently herewith unless otherwise noted.

Based on the Findings of Fact and Conclusions of Law, the other pleadings and records on file in this case, including, *inter alia* and without limitation, the Plan, the

arguments of counsel, offers of proof and other evidence presented at the Confirmation Hearing, the Court has determined that entry of this order confirming the Plan is appropriate.

Now, therefore, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Plan dated April 14, 2005, a copy of which is filed under docket #<u>291</u>, and the Modifications identified in the Findings of Fact and Conclusions of Law (which have been incorporated in the Plan dated April 14, 2005), satisfies all of the requirements of confirmation set forth in 11 U.S.C. § 1129 and is hereby confirmed.

2. OneName and its directors, officers, agents and attorneys are hereby authorized, empowered and directed, subject to the conditions set forth within the Plan and this Order, to carry out the provisions of the Plan and to enter into, execute, deliver, file, and perform the terms of the Plan and this Order and any other agreements, instruments and documents related thereto or contemplated therein, and to take such other steps and perform such other acts as may be necessary or appropriate to implement and effectuate the Plan, the Plan Documents or this Confirmation Order, and to satisfy all other conditions precedent to the implementation and effectiveness of the Plan and to consummate the Plan.

3. The terms and provisions of the modifications identified in the Findings of Fact and Conclusions of Law and incorporated in this Order are hereby approved.

4. The classification of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan and this Order. The classifications set forth on the ballots tendered to or returned by the holders of Claims or Interests in connection with voting on the Plan may not be relied upon by any holder of a claim or interest as representing the actual classification of such claim or interest under the Plan for distribution purposes, and shall not be binding on the Debtor or the Reorganized Debtor.

5. Subject to the Plan provisions, all actions contemplated by the Plan, including but not limited to the compromises set forth in ¶29 of the Findings of Fact are hereby authorized and approved. All such actions and any other actions described in the Plan, including without limitation those set forth in Articles 7 and 8 of the Plan or this Confirmation Order, or which would otherwise require the consent or approval of the directors or shareholders of OneName, shall be deemed to have been consented to or approved and shall be effective under applicable state law and the Bankruptcy Code, without any requirement of prior or further action by the shareholders or directors of OneName or the Reorganized OneName.

6. The Reorganized Debtor is authorized and directed to take all actions reasonably necessary or appropriate to implement the Plan and any agreements or settlements embodied therein, in accordance with the terms thereof, including but not limited to the compromises set forth in ¶29 of the Findings of Fact.

7. The provisions of the Plan bind the Debtor, the Reorganized Debtor, any entity receiving property or securities under the Plan, and any holder of a Claim against or Interest in the Debtor or the Reorganized Debtor, whether or not the Claim or Interest is impaired under the Plan and whether or not such holder has accepted the Plan.

8. On the Effective Date, Claims against the Reorganized Debtor shall be deemed satisfied and released to the fullest extent permitted by the Bankruptcy Code, other than an Allowed Claim or an Unclassified Claim entitled to treatment provided in the Plan. The rights afforded in the Plan, and the treatment of all Claims and Interests there under shall be in exchange for, and in complete satisfaction and release of any and all Claims or Interests that arose prior to the Confirmation Date.

9. The requirements of the Plan are binding upon and govern the acts of all persons including, without limitation, all holders of Claims, Unclassified Claims and Interests, all filing agents or officers, title agents or companies, recorders, registrars, administrative agencies, governmental units and departments, agencies or officials thereof, secretaries of

state, and all other persons who may be required by law, the duties of their office, or contract to accept, file, register, record or release any document or instruments, or who may be required to report or insure any title or state of title in or to any of the assets transferred to any purchaser approved pursuant to the terms of any future order of this Court.

10. If any provision of the Plan shall be determined to be unenforceable, that determination shall not affect any other provision of the Plan.

11. Unless otherwise provided, all injunctions or stays provided for in the bankruptcy case pursuant to Sections 105 or 362 of the Bankruptcy Code or otherwise in effect on the Confirmation Date shall remain in full force and effect until the Effective Date, whereupon the permanent injunctions set forth in the Plan and in this Confirmation Order shall take effect.

12. Any executory contracts or unexpired leases not assumed by OneName at or prior to the Effective Date, or as to which a Motion to Assume is pending on the Effective Date, shall be deemed rejected by OneName on the Effective Date in accordance with Section 365 of the Bankruptcy Code. The non-debtor parties to any such rejected executory contract or unexpired lease must file timely proofs of claim within thirty days (30) from the Effective Date or shall not be eligible to share in distributions on account of such rejection damages. OneName will separately file a motion to establish cure amounts for executory contracts and unexpired leases to be assumed pursuant to the Plan, and the Court will establish any remaining cure amounts in connection with the disposition of that motion.

13. Except as set forth in the compromises specifically referenced in ¶29 of the Findings, neither the entry of this Confirmation Order, the execution of the documents required or contemplated hereunder, or by the Plan, nor any other action or inaction by OneName, shall constitute a waiver, release, relinquishment, abandonment, or any other abrogation of any objection, defense, offset or counterclaim by OneName.

14. Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over this Chapter 11 case after the Effective Date to the extent it is legally permissible, including without limitation, for the purposes set forth in Article 11 of the Plan.

15. The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect or enforceability of such provision, and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

16. Pursuant to Sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of the Plan and this Confirmation Order shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

17. Any person claiming that it is entitled to recover any amount from OneName on account of an Administrative Expense Claim (other than professional fees and expenses, post petition extensions of trade credit for goods or services, taxes and quarterly U.S. Trustee's fees as provided for under Article 2.1.2 of the Plan) must file a Proof of Claim with the Bankruptcy Court no later than 30 days after the Effective Date or be forever barred.

18. Within five (5) business days after the Effective Date, the Reorganized OneName shall mail to all holders of Claims and Interests a notice of the entry of this Confirmation Order, the occurrence of the Effective Date, the rejection of any executory contracts of OneName pursuant to the Plan, the bar date for the filing of Administrative Expense Claims (other than professional fees and expenses and claims covered by Article 2.1.2 of the Plan) and notice of such other matters as OneName deems appropriate.

19. Pursuant to Section 1145 of the Bankruptcy Code, the offer of, issuance, distribution and sale of New Preferred Stock, New Common Stock and the Convertible Financing A-Notes and Convertible Financing B-Notes in connection with the Convertible Financing Offering shall be exempt from the registration requirements of Section 5 of the

Securities Act of 1933, and state or local law requiring registration prior to such offer, issuance, distribution or sale.

20. The documents related to the Convertible Financing Offering included in the Plan are authorized and approved in all respects, are incorporated as part of this Confirmation Order and deemed binding on and enforceable against the Reorganized OneName and shall govern the obligations of the Reorganized OneName and each of the subscribing parties in connection with the Convertible Financing Offering.

21. Notwithstanding Bankruptcy Rules 3020(e), 6004(g), 6006(d) or 7062, this Confirmation Order shall be immediately effective.

DONE IN OPEN COURT this ___18th___ day of April, 2005.

_____
Phillip H. Brandt, U.S. Bankruptcy Judge

Presented By:

Bullivant Houser Bailey PC

By   /s/ Lawrence R. Ream
    Lawrence R. Ream WSBA #18159
    Richard G. Birinyi, WSBA #9212
    Attorneys for Debtor

3441398.2